## INDUSTRIAL COMMISSION v POLLEY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2094. Decided Sept 21, 1931

Gilbert Bettman, Donald J. Hoskins, and J. E. Bowman, Columbus, for plaintiff in error.

Messrs. Cowan, Adams & Adams, Columbus, for defendant in error.

ALLREAD, J.

The evidence, particularly that of Loren Marks. a fellow employee, was to the effect that in the operation of said machine and the lifting of the bars the decedent declared he was injured; that he called to his fellow employee, Mr. Marks, that he would have to have help in lifting up the bars and placing them on the machine. The deceased also shortly after the accident went to Dr. Mann for medical treatment, and the testimony of Dr. Mann is that the deceased told him that he was injured while engaged in putting the iron bar on the machine. Dr. Godfrey also testified substantially to the same effect.

On Tuesday the deceased left the employ of the Timken Roller Bearing Company, and went home with a pain in his back. The testimony shows that for several days he suffered from this so that a doctor was subsequently called who testifies that at the time he called upon his patient he found him with a fever of 102. Meningitis thereupon developed and he died on May 5th. An autopsy showed an abscess in the muscles over the back; that these abscesses extended to the muscles along the spine and other parts of the body. The spinal column was full of pus. Doctors Mann, Godfrey, Brundage and Baldwin were witnesses on the trial and testified as to the effect of the accident upon the body.

His widow, Adeline Polley, thereupon filed a claim in the Industrial Commission, which decided after a hearing against the claimant. There was a re-hearing of the case which resulted in the same way. An appeal was taken to the Court of Common Pleas. The trial was had in the Court of Common Pleas which resulted in favor of the claimant, and a judgment against the Commission. The case was thereupon brought to this court on proceedings in error.

Counsel for the plaintiff in error contends that there was no sufficient evidence that the injury resulted from accidental causes. This is practically the only claim made.

We can not escape the conclusion that the evidence in the case was sufficient to show an accidental injury.

The rules of law as to the admission of evidence are more liberal in the Industrial Commission than in the courts.

We are clearly of the opinion that the evidence both before the Industrial Commission and the Court of Common Pleas was sufficient to show that the deceased suffered an accidental injury, and that the same caused his death.

We have had many cases where some other disease operated in the human system and contributed toward the death, where the evidence shows that the accidental injury caused, accelerated or precipitated the death, the claimant was entitled to recover.

We can not, therefore, escape the conclusion that the judgment in the Court of Common Pleas was proper and should be affirmed.

Judgment affirmed.

HORNBECK, and KUNKLE, JJ, concur.